UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO, | No.  2:24-cv-2995 DAD AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DAVID RICK NELSON, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding without an attorney in a civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has requested leave to proceed in forma pauperis.  ECF No. 2.  However, the Prison Litigation Reform Act of 1995 ("PRLA") provides that:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three

1

frivolous actions and/or appeals (or any combination thereof totaling three).  Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).  "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

On November 29, 2018, this court determined in another case that plaintiff has "struck out" for purposes of 28 U.S.C. § 1915(g).  Azevedo v. Smith, 2:18-cv-2818 TLN AC P, ECF No. 7.  Judgement was entered and plaintiff did not appeal.  Accordingly, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To satisfy the imminent danger exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").  "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint."  Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

The complaint filed October 31, 2024, alleges that in 2018, defendant Nelson was appointed as plaintiff's counsel in his criminal proceedings and that defendant Nelson failed to do what as plaintiff asked, made slanderous remarks about plaintiff, and admitted to plaintiff's guilt without his consent.  ECF No. 1 at 3-5.  Plaintiff further alleges that when he appealed his sentence, defendant Smith was appointed as his counsel and he accessed plaintiff's confidential records without plaintiff's consent.  Id. at 6.  Lastly, plaintiff alleges that defendant Walton, the court reporter, altered his statements in the court transcript.  Id. at 7.  Because these allegations do not demonstrate an imminent risk of serious physical injury at the time of filing, the undersigned will recommend that plaintiff's request for leave to proceed in forma pauperis be denied and plaintiff be required to pay the filing fee in full or have the complaint dismissed.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be denied.

2. Plaintiff be ordered to pay the entire $405 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 6, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE